UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E-PROFESSIONAL TECHNOLOGIES,
LLC d/b/a Practice Defenders,

   Plaintiff,

v.                 Case No. 8:20-cv-338-T-24 SPF

PRIMEHEALTH OF ILLINOIS,
INC. d/b/a Seniorwell,

   Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Remand. (Doc. No. 5). Defendant opposes the motion. (Doc. No. 6). As explained below, the motion is denied.

## I. Background

On April 10, 2019, Plaintiff initially filed an action for breach of contract, fraud, and unjust enrichment in this Court. (Case No. 8:19-cv-856-T-30 JSS). As a basis for the Court's subject matter jurisdiction, Plaintiff alleged that it is a Florida limited liability company whose principal place of business is in Florida and that Defendant is an Illinois corporation whose principal place of business is in Illinois. Additionally, Plaintiff alleged that it brought suit in this Court pursuant to a contract clause requiring any dispute between the parties to be resolved in a United States District Court in Florida.

Shortly thereafter, Defendant moved to dismiss for lack of subject matter jurisdiction due to Plaintiff's failure to properly allege its own citizenship. Specifically, Defendant pointed out that Plaintiff is a limited liability company, and in order to properly allege the citizenship of a limited liability company, one must identify all of the limited liability company's members and their citizenships. Since Plaintiff's statement of jurisdiction merely provided that jurisdiction

was agreed upon in the parties' contract, Defendant argued that dismissal was required. In response, Plaintiff acknowledged that stipulations to federal jurisdiction are not sufficient to create subject matter jurisdiction, and Plaintiff stated that it did not oppose Defendant's motion to dismiss.

The Court granted Defendant's motion to dismiss. Plaintiff then filed suit against Defendant in state court. In the state court complaint, Plaintiff again failed to include sufficient allegations to allow Defendant to determine the citizenship of Plaintiff.

In the state court proceeding, Defendant made various filings and served jurisdictional discovery requests seeking information about the citizenship of Plaintiff's members. On January 20, 2020, upon receipt of Plaintiff's discovery responses, Defendant learned that the parties were diverse and that the case was removable. This was the first time that Defendant could ascertain the existence of diversity jurisdiction.

On February 12, 2020, Defendant removed the case to this Court on the basis of diversity jurisdiction (there is no dispute that the amount in controversy exceeds $75,000). Thereafter, Plaintiff filed the instant motion to remand on the ground that Defendant waived its right to remove by litigating the case in state court. A timeline of the relevant events is set forth below:

| June 27, 2019 | Plaintiff filed its complaint in state court. |
| --- | --- |
| July 30, 2019 | Defendant moved to dismiss certain counts and answered others. |
| August 5, 2019 | Defendant served discovery seeking information about the citizenship of Plaintiff's members. |
| September 23, 2019 | Plaintiff served its discovery responses objecting to the citizenship questions on relevance grounds. |
| October 10, 2019 | Defendant filed a motion to compel discovery responses. |
| November 25, 2019 | The state court held a hearing on Defendant's motion to dismiss. |

| | |
|---|---|
| December 2, 2019 | The state court entered an order denying the motion to dismiss. |
| January 13, 2020 | The state court held a hearing on Defendant's motion to compel. |
| January 15, 2020 | The state court entered an order granting the motion to compel. |
| January 20, 2020 | Plaintiff served its discovery responses indicating that all of its members are citizens of Florida. |
| February 12, 2020 | Defendant removed the case to this Court. |

## II. Motion to Remand

In the instant motion, Plaintiff argues that this case should be remanded, because: (1) by litigating the case in state court, Defendant undertook substantial acts demonstrating a willingness to proceed in state court, effectively waiving its right to remove; and (2) Plaintiff will be prejudiced unless the case is remanded back to state court due to the significant time and money it expended in state court. As explained below, the Court rejects these arguments.

### A. Standard of Review

A defendant may remove a case if the case could have been brought in federal court. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal jurisdiction is limited, so any uncertainties regarding whether subject matter jurisdiction exists should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Once a state court defendant removes a case, the plaintiff can seek to remand within thirty days after the filing of the notice of removal if there is a procedural defect with the removal. 28 U.S.C. 1447(c). Removal can be procedurally defective for a number of reasons, including by having been waived by the substantial actions of the defendant litigating the case in state court. *See Yusefzadeh v. Nelson, Mullins, Riley, & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004).

3

A defendant waives the right to removal based on its litigation in state court if: (1) the right to remove is apparent; and (2) the defendant's actions in the state court clearly and unequivocally demonstrate that the defendant intends to have the matter adjudicated in state court. *See Mead v. IDS Prop. Cas. Ins. Co.*, No. 8:13-cv-02206-SCB-AEP, 2013 WL 12157838, at *6 (M.D. Fla. Nov. 26, 2013)(citing *Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434, at *5 (M.D. Fla. Nov. 18, 2005)). Thus, in order to waive the right to removal by substantially litigating the case in state court, the defendant must proceed in state court despite having notice of a basis for removal. *See Del Rio*, 2005 WL 3093434, at *5 (citation omitted). Determination of waiver by substantial participation in state court is made on a case-by-case basis. *See Hill v. State Farm Mut. Auto Ins. Co.*, 72 F. Supp.2d 1353, 1354 (M.D. Fla. 1999).

### B. State Court Litigation

Plaintiff argues that Defendant undertook substantial acts in state court that demonstrated a willingness to proceed in state court, effectively waiving its right to remove the case. In support of this contention, Plaintiff makes four arguments, which the Court will address in turn.

First, Plaintiff argues that by filing the motion to dismiss in the earlier-filed federal case, Defendant indicated a willingness to litigate in state court. This argument is flawed, because without a clear basis for this Court's jurisdiction, dismissal was required. Further, Defendant's motion to dismiss could not constitute a waiver of the right to later remove the case, because at the time Defendant filed the motion, it did not know that diversity jurisdiction did, in fact, exist. *See Cruz v. Lowe's Home Centers, Inc.*, No. 8:09-cv-01030-JSM-MAP, 2009 WL 2180489, at *3 (M.D. Fla. July 21, 2009)(stating that "[a] party cannot waive a right that it does not yet have").

Second, Plaintiff argues that Defendant undertook substantial action in the state court proceeding—specifically, its substantial filings and participation in hearings—that indicated its

4

willingness to continue litigation in state court. In support of this argument, Plaintiff cites to *Mead v. IDS Property Casualty Insurance Company*.

In *Mead*, the court found that the defendant had waived its right to remove because it had litigated the merits of the case in state court after discovering that the case could be removed. *See Mead,* 2013 WL 12157838, at *6. The court reasoned that although filing a motion to dismiss does not, in itself, constitute waiver, the defendant chose not to remove the case (despite its knowledge of federal jurisdiction) until after it had received an unfavorable ruling on its motion to dismiss in state court. *See id.*

In the instant case, Defendant did not know Plaintiff's citizenship prior to the state court ruling on Defendant's motion to dismiss, so Defendant could not waive a right it did not know existed. Defendant did not discover that the case was removable until Plaintiff responded to its discovery requests on the issue of citizenship. Defendant did not litigate any further in state court after it learned that diversity jurisdiction existed. Therefore, Defendant did not clearly and unequivocally indicate its intent to proceed in state court and did not waive its right to remove the case.

Third, Plaintiff argues that since Defendant filed a request for attorney's fees as a sanction in connection with its motion to compel discovery in the state court proceeding, Defendant waived the right to remove this case. In support of this argument, Plaintiff relies on *TBI Caribbean Company Limited. v. Stafford-Smith, Inc.*, 239 So. 3d 103 (Fla. 3d DCA 2017). However, the issue before the *TBI* court was not whether the defendant had waived its right to remove the case; the issue before the court was whether the defendant waived the defense of lack of personal jurisdiction by requesting attorney's fees based on a provision in the parties' contract. *See id.*at 105. The court found that the defendant waived the defense of lack of personal jurisdiction by seeking the affirmative relief of attorney's fees based on the parties'

5

contract. *See id.* at 106. The *TBI* case does not support Plaintiff's argument that Defendant's request for attorney's fees as a sanction in connection with its motion to compel equates to a waiver of Defendant's right to remove this case, especially given the fact that Defendant had not yet learned that diversity jurisdiction existed at the time that it filed its motion.

Fourth, Plaintiff argues that Defendant's answer in the state court case shows a willingness to litigate in state court. In the state court complaint, Plaintiff alleged that jurisdiction was proper in state court despite the fact that the parties had agreed to federal court jurisdiction in their contract, because Defendant sought and obtained dismissal of the federal court action. In response, Defendant admitted that the state court had jurisdiction over the case and that the parties had agreed to federal court jurisdiction in their contract if the federal court had subject matter jurisdiction over the case; otherwise, Defendant denied Plaintiff's allegation. (Doc. No. 2-2, ¶ 5, 44).

Plaintiff contends that Defendant's answer demonstrates that Defendant admitted that jurisdiction was proper in state court and denied that jurisdiction was proper in federal court. The Court does not construe Defendant's answer in the same manner. Instead, Defendant's answer indicates that a federal court would be the proper forum if the federal court had subject matter jurisdiction over the case, with the denial being that federal jurisdiction was conferred by the parties' contract. Furthermore, as noted above, at the time that Defendant answered Plaintiff's state court complaint, it did not know that the parties were, in fact, diverse.

Based on the above, the Court finds that once Defendant knew that the parties were diverse, Defendant did not undertake substantial acts in the state court case that demonstrated a willingness to proceed in state court, effectively waiving its right to remove the case. Therefore, the Court denies Plaintiff's motion on this issue.

### C. Prejudice

Next, Plaintiff argues that it would be prejudiced unless the case is remanded back to state court due to the significant time and money it expended in state court. The flaw in this argument is two-fold. First, the time spent litigating the case in state court could have been avoided by Plaintiff either objecting to the motion to dismiss based on subject matter jurisdiction when the case was initially filed in this Court, or immediately responding to Defendant's jurisdictional discovery in the state court action. Second, the time and money expended in state court litigating the merits of this case would have occurred in this Court had the case never been dismissed by this Court or had the case been removed earlier. Therefore, the Court finds that Plaintiff is not prejudiced by the Court's denial of its motion to remand.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 5) is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 7th day of April, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record