UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E-PROFESSIONAL TECHNOLOGIES
LLC d/b/a PRACTICE DEFENDERS,

    Plaintiff,

v.                                             Case No. 8:20-cv-338-T-24SPF

PRIMEHEALTH OF ILLINOIS, INC.
d/b/a SENIORWELL,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Compel Better Responses to Initial Disclosures Required by Fed. R. Civ. P. 26 (Doc. 19). Defendant filed a Response in Opposition thereto (Doc. 20). Upon consideration, Plaintiff's Motion to Compel is granted in part and denied in part.

## DISCUSSION

Initial disclosures are governed by Federal Rule of Civil Procedure 26(a). Rule 26 states in relevant part:

> [A] party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing

> party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). "The requirements of Rule 26(a) are mandatory." *Van Hoek v. McKesson Corp.*, No. 8:17-cv-2447-T-36AAS, 2018 WL 7286517, at *1 (M.D. Fla. June 21, 2018). "The goal of the initial disclosure requirement is to accelerate the exchange of basic information about the case." *King v. City of Waycross, Ga.*, No. 5:14-cv-32, 2015 WL 5468646, at *2 (S.D. Ga. Sept. 17, 2015) (citation omitted). "If a party fails to provide initial disclosures, any other party may move to compel the disclosures and for appropriate sanctions." *Pedro-Mejia v. Franco Plastering Inc.*, No. 2:17-cv-452-FtM-99CM, 2018 WL 1035844, at *3 (M.D. Fla. Feb. 23, 2018) (citing Fed. R. Civ. P. 37(3)(a)). Here, Plaintiff alleges deficiencies in Defendant's responses to each of the four areas of initial disclosure set forth in Rule 26.

## I.     Personal Contact Information

Plaintiff first argues that Defendant provided the names of John Moroney, Sherri Peavy, and John Clifford as individuals likely to have discoverable information, all of whom are former employees of Defendant, but did not provide their last known addresses or phone numbers. Defendant contends that Plaintiff already has Peavy's phone number as she was listed in Plaintiff's Initial Disclosure. (*See* Doc. 20-1). Defendant, however,

2

does not address the failure to provide Peavy's address, if known, or contact information for the other two witnesses. *See Castle v. Sangamo Weston, Inc.,* 744 F.2d 1464, 1467 (11th Cir. 1984) (establishing that names and contact information of witnesses are non-privileged information and are discoverable). Accordingly, Plaintiff's motion is granted as to the contact information for the individuals listed in Defendant's Initial Disclosure.

Plaintiff also seeks information regarding whether these individuals are represented by Defendant's counsel. While Rule 26(a)(1) does not require such a disclosure and the Court will correspondingly deny this relief, the Court questions why Defendant would not give Plaintiff that information upon its request.

## II.     Documents in Possession, Custody, or Control of the Disclosing Party

Plaintiff submits that Defendant provided "a description of certain things by category but has failed and/or refused to provide their locations." (Doc. 19 at 6). Plaintiff argues that Defendant should be compelled to provide the items' location. Defendant's presumptuous response is that "it is plain from the record that Seniorwell, which has its principal place of business in Buffalo Grove, Illinois [D.E. 17 at 7] – has 'possession, custody, [or] control' of the documents listed" and that "[t]hus, the documents it possesses and over which it has custody or control are located in Buffalo Grove, Illinois." (Doc. 20 at 3 (alterations in the original)). While this assumption may appear obvious to Defendant, the Court can envision endless scenarios in which this assumption would prove erroneous. Moreover, there are no exceptions to Rule 26 under which a defendant need not provide obvious initial disclosures. As such, Plaintiff's motion is granted as to the location of the documents in possession, custody, or control of Defendant.

### III. Damages Computation

While Plaintiff asserts that Defendant should have disclosed the damages it seeks in its Counterclaim prior to filing the Counterclaim, Plaintiff does not cite any authority that supports that premise. Indeed, Plaintiff concedes that "[i]n the very least, Defendant was required to timely supplement its Initial Disclosure with a calculation of its damages, and the related supporting documentation, after it filed a Counterclaim seeking monetary damages against Plaintiff." (Doc. 19 at 7). However, Defendant filed its Counterclaim on June 5, 2020. (Doc. 17). Plaintiff filed its Motion to Compel twelve days later on June 17, 2020. As Defendant points out, per the party's agreement in their Case Management Report (Doc. 7 at 3), the parties are obligated to supplement within a reasonable time of supplementation becoming necessary. Plaintiff does not assert that twelve days is unreasonable. Accordingly, Plaintiff's Motion to Compel is denied on this basis. Defendant, however, is directed to include its computation of damages with its other supplementations being required by this Order.

That being said, Defendant is reminded that "Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents." *Shock v. Aerospace Integration Corp.*, No. 3:08cv304/RV/EMT, 2009 WL 595923, at *4 (N.D. Fla. Mar. 6, 2009) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006)). Although the exact amount of damages may not be known, the disclosing party must make "a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation while reserving the right to amend his calculation." *LeBlanc v. Unifund CCR*

*Partners, G.P.*, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, at *1 (M.D. Fla. Aug. 23, 2007); Fed. R. Civ. P. 26(a)(1)(E). "A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." Fed. R. Civ. P. 26 (Advisory Committee Notes to 1993 Amendment); *see also Am. Enters. Collison Ctr., Inc. v. Travelers Prop. & Cas. Co.*, No. 2:09-cv-443-FtM-29SPC, 2010 WL 11507335, at *3-4 (M.D. Fla Sept. 17, 2010).

## IV. Insurance Agreement

Defendant's Initial Disclosure indicated as follows: "As of the date of this disclosure, Defendant has not identified any insurance agreement that may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy a judgment." (Doc. 19-1 at 4). Plaintiff's interpretation of this response is that Defendant is insinuating that it had not fully investigated whether or not insurance coverage exists for the claim at issue. Defendant responds that "Seniorwell, did, as it was obligated to under Rule 26." (Doc. 20 at 4-5).

Rule 26(a) provides, "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case ...." Fed. R. Civ. P. 26(a)(1)(E). Moreover, Rule 26(g)(1) requires initial disclosures be signed by one attorney of record certifying that the disclosures are complete and correct as of the time it is made to the best of the attorney's knowledge, information, and belief formed after a reasonable inquiry. Fed. R. Civ. P. 26(g)(1). "If certification violates this rule without substantial justification,

the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). Pursuant to these rules and because counsel "are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose," the Court relies on Defendant's response as representing that it has, in fact, undertaken a reasonable inquiry into the existence of any relevant insurance policy. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). For these reasons, the motion is denied on this ground.

### V.     Plaintiff's Request for Attorney Fees

Finally, Plaintiff argues that Defendant should be ordered to pay reasonable attorney fees incurred as a result of Defendant's Rule 26 violations because there is no substantial justification for Defendant's failure and/or refusal to provide the information sought in Plaintiff's motion. Defendant argues that Plaintiff's motion is untimely, and, even if timely, that any violations on its part are harmless.

Defendant's argument that Plaintiff's motion is untimely is disingenuous. Defendant asserts that Plaintiff waited two months from Defendant's Initial Disclosure to file its Motion to Compel and cites to an inapposite case in support of its argument that this two-month period renders the motion untimely. The Court notes that Defendant provided its Initial Disclosure on April 21, 2020, and Plaintiff promptly sent an email to Defendant on April 22, 2020, requesting that complete and responsive information be provided for specific disclosures. (Doc. 19-2). In fact, Plaintiff requested all the

information being sought in this Motion to Compel, but Defendant did not respond. Plaintiff sent a follow-up email to Defendant on May 4, 2020, and waited for a response that did not come. Defendant's failure to return Plaintiff's emails is unexplained by Defendant. As such, Defendant's representation to the Court that the motion was tardy by two months fails to take into consideration the time Plaintiff spent appropriately attempting to resolve the issues prior to seeking Court intervention. Plaintiff's motion was clearly not untimely.

Moreover, the Court admonishes Defendant that discovery in this district should be practiced with a spirit of cooperation and civility. *Middle District Discovery* (2015) at I.A.1. Local Rule 3.01(g) further requires that parties confer in good faith before filing motions. "The purpose of this rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). While Plaintiff's motion contains a Rule 3.01(g) certification that, on June 16, 2020, the parties conferred and were unable to agree on a resolution of the motion, court intervention could have easily been avoided had counsel conferred in good faith and been more cooperative and civil with one another. Notwithstanding the foregoing, the Court will not award attorneys' fees at this juncture, finding substantial justification for the deficiencies. However, the Court will not tolerate any further violations of Local Rule 3.01(g) or a failure to participate in discovery with a spirit of cooperation and civility.

## **CONCLUSION**

For the reasons set forth above, it is hereby **ORDERED**:

Plaintiff's Motion to Compel Better Responses to Initial Disclosures Required by Fed. R. Civ. P. 26 (Doc. 19) is **GRANTED IN PART AND DENIED IN PART**. Defendant shall supplement its Initial Disclosure within ten days of the date of this Order to include: the last known address and phone number for the individuals listed in paragraph one of Defendant's Initial Disclosure; the location of the documents in possession, custody, or control of Defendant listed in paragraph two of Defendant's Initial Disclosure; and Defendant's computation of damages.

**ORDERED** in Tampa, Florida, on July 14, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE